OPINION *
NYGAARD, Circuit Judge.
Karl Bastien petitions for review of the Board of Immigration Appeals’ order dismissing his appeal. He contends the Board erred by affirming the Immigration Judge’s decision to deny withholding of removal (8 U.S.C. § 1281(b)(3)(A)) and protection under the Convention Against Torture (8 C.F.R. § 1208.16(c)(2)). Bas-tien claims that the Immigration Judge failed to consider critical evidence and that his ruling was based upon numerous errors. We will deny the petition.
The Government argues that we do not have jurisdiction to consider Bastien’s petition because he is convicted of an aggravated felony and our review is, therefore, limited to constitutional issues and questions of law. Toussaint v. Gonzales, 455 F.3d 409, 412, n. 3 (3d Cir.2006). Bastien maintains the Immigration Judge’s handling of the case raised a number of questions of law. Although we ultimately do not agree that the Immigration Judge made any legal errors, we agree (as is evident in the discussion that follows) that Bastien’s petition raises questions of law that give us jurisdiction to rule on them.[1]
According to Bastien, when the Immigration Judge analyzed his withholding of removal claim, he wrongly required direct evidence — rejecting his circumstantial evidence — on the motive and identity of persons who attacked his family members. See Espinosa-Cortez v. Attorney Gen. of United States, 607 F.3d 101, 108-9 (3d Cir.2010). He also contends that the Immigration Judge erred by refusing to impute his family’s political opinions to him as a basis for the likelihood of persecution. See Dia v. Ashcroft, 353 F.3d 228, 255 (3d Cir.2003). The record does not support any of this.
Bastien and his witnesses alleged that the perpetrators of five violent crimes against his family, all occurring over a span of nine years, were “zinglindou:” a gang in Haiti who attacks former associates of the Duvalier regime for political revenge. However, neither Bastien nor any of the witnesses grounded their opinion of who was responsible, or the reason for the attacks, in any evidence. The Immigration Judge did not demand that Bas-tien provide direct evidence of the identity and motives of the attackers. Rather, he was properly requiring more than conjecture to show that the attacks were political retribution as opposed to random criminal violence. Such evidence was necessary to support a ruling that Bastien was likely to be persecuted if returned to Haiti. The Immigration Judge properly judged Bas-tien’s reliance both on the cumulative impact of five separate attacks over nine years, and on new evidence offered on remand (concerning his father’s prominence in the Duvalier regime and the murder of his cousin) as inadequate to meet his evidentiary burden.[2]
*146 Bastien also claims that the Immigration Judge erred by refusing to impute the political views of his family to him. However, we conclude that this allegation is inaccurate and largely immaterial to the decision on his claim, since he did not first establish that any violence had resulted from these views. The Board correctly decided that the Immigration Judge got it right. Bástien’s request for withholding of removal failed because a mere belief that zinglindou are responsible for the past violence to his family is not enough to ground his claim that he is likely to be persecuted — or that his life or freedom would be threatened — because of his family identity if returned to Haiti.[3]
Bastien next argues that the Board wrongly affirmed the Immigration Judge’s denial of his claim for relief under the Convention Against Torture. Specifically, Bastien claims that the Board should have reversed the Immigration Judge’s decision because he did not comply with the regulation that “all evidence relevant to the possibility of future torture shall be considered.” 8 C.F.R. § 208.16. He contends that the Immigration Judge ignored a State Department Country Report and evidence offered by an expert. We do not find any support for Bastien’s assertion.
The Immigration Judge is required to consider all evidence relevant to torture. But, as we have repeatedly said, we do not require Immigration Judges to discuss every facet of the record in their decisions. Green v. Attorney General of the United States, 694 F.3d 503, 509 (3d Cir.2012). In his oral decision, the Immigration Judge explicitly referred to both the Report and the expert’s testimony and declarations. He said that evidence Bastien proffered documented that conditions in Haitian prisons in 2010 were harsh. He also knew that Haitian authorities were detaining some repatriated citizens with criminal records upon their reentry to the country, and said that some of these persons alleged “corruption, widespread discrimination and social abuse after returning home.” A.R. 105. However, he commented that none of this evidence related to conditions post-earthquake. Further, he said that, according to the State Department Country Report, the length of the detention for criminal deportees had been substantially shortened. Finally, he highlighted the expert’s status as a paid witness, the frequency of her testimony in other cases, and her political agenda, signaling that he would weigh the evidence she offered with all of this in mind. The Board determined that the Immigration Judge was well within his discretion to give the expert’s testimony limited weight because of this.
All of this convinces.us that the Immigration Judge considered the entire record before him and made a decision by weighing all credible evidence relevant to Bas-tien’s claim for relief under the Convention. We do not second-guess his decision to give the expert’s testimony limited weight, and we reject Bastien’s attempt to describe the Immigration Judge’s use of this discretion as a failure to consider this portion of the record.[4] The Board did not *147 err by affirming the Immigration Judge’s conclusion that Bastien did not meet his evidentiary burden, which was to establish the likelihood that Haitian authorities intended to imprison him upon his reentry to the country for the purpose of torturing him, or to enable others to do so.[5]
For all of these reasons, we will deny the petition for review.

 This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

. Since this opinion does not have any prece-dential value our discussion of this case, which has a complicated procedural history, is limited to covering only what is necessary to explain our decision to the parties.

. Bastien applied for asylum, withholding from removal and relief under the Convention Against Torture in 2003. In 2006, the Court of Appeals for the Second Circuit vacated the Board’s denial of his appeal, and remanded the case, incorporating a stipulation by the parties that the Immigration Judge made three legal errors in his decision. Upon Bas- *146 tien's request, the case was transferred to the Immigration Court in Philadelphia, PA.

. In his oral decision, the Immigration Judge addressed the remand’s stipulations of error in his prior decision by: holding an evidentia-ry hearing; addressing the new evidence offered by Bastien; and, by explaining that he was not ruling evidence of violence against family members inadequate because they bore a different last name. Instead, his ruling was based on the lack of evidence establishing a connection between the violence and political retribution.

. To the extent Bastien seeks CAT relief on the ground that he would be targeted for torture in prison specifically because he is *147 from a family tied to the Duvalier regime, i.e., a variant of the same argument he raised in connection with withholding of removal, our determination that the IJ properly required more than conjecture disposes of the claim. We are not persuaded that the IJ misconstrued or failed to address this argument; rather the IJ considered all evidence relevant to torture (including evidence about Bastien's family ties) before denying his CAT claim.

. The Board noted that Bastien’s failure to produce evidence of the likelihood of torture obviated the need to address the issue of whether the government was unwilling or unable to control non-governmental groups who would torture Bastien. This addressed a stipulation in its prior remand on the Immigration Judge's error in his first decision regarding the legal significance of a government’s failure or unwillingness to control non-governmental groups who would inflict harm.